**Dated: October 20, 2023**

**The following is ORDERED:**



PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**ARNOLD DAVID CRASE**                             Case No. 20-81019-PRT
**KATESSA ANN CRASE,**                            Chapter 13
                Debtors.

## ORDER DENYING DEBTORS' MOTION TO MODIFY AND DISAPPROVING DEBTORS' MODIFIED CHAPTER 13 PLAN

      Before the Court is the Debtors' Modified Plan After Confirmation (Docket Entry 86) with Motion to Modify Plan After Confirmation (Docket Entry 87), and Trustee's Objection to Confirmation (Docket Entry 90). This Court held an evidentiary hearing on this matter on September 21, 2023. Having reviewed the record and considered the arguments presented and applicable legal authority, the Court concludes that the Debtors' Motion to Modify should be denied and the Debtors' Modified Chapter 13 Plan must be disapproved.

**Jurisdiction**

      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

Debtors filed this case on October 22, 2020. Pursuant to Form 122C-1, Debtors' income was below the median family income for their household size in Oklahoma, thus the applicable commitment period was 36 months. 11 U.S.C. § 1325(b)(3) and (4). In their Amended Plan (Docket Entry 52), Debtors proposed a monthly plan payment of $ 2,075.00 for a term of 39 months, including payments of their monthly mortgage payments and mortgage arrearage on their residence through the Plan, payments of two secured claims through the Plan, payment of a long-term debt directly by the Debtors, and estimated a 0% payback on unsecured claims. Their Amended Plan was confirmed on March 12, 2021 (Docket Entry 59). Citing 11 U.S.C. § 1327(b), the Confirmation Order directed that "[u]nless otherwise provided for in the Plan, all property of the estate is vested in the Debtor(s) upon the entry of this Order."

Debtors filed a Motion to Modify their confirmed plan because their home had been sold and the mortgage loan paid in full. Their Modified Plan proposes to remove the payments to their mortgage lender, Vanderbilt Mortgage, and to shorten the plan term from 39 months to 36 months. The Trustee objects to modification, suggesting that Debtors should now be considered above median debtors requiring a plan term of 60 months. Alternatively, he requests dismissal of this case.

## Analysis

Section 1329(a) provides that at any time after confirmation of the plan but before completion of payments, a chapter 13 plan may be modified to:

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
(2) extend or reduce the time for such payments;
(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or

> (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance for the debtor . . . .

The modified plan becomes the plan unless, after notice and hearing, the modification is disapproved. 11 U.S.C. § 1329(b)(2). In this case, when the Trustee raised his objection, this Court held a hearing, and must review the proposed modified plan to determine whether it complies with the code sections cited in § 1329(b)(1), including, but not limited to, the requirements for confirmation of a plan set forth in §1325(a).

As the party seeking discharge, the Debtors bear the burden of proving that the proposed plan meets the requirements for confirmation. *See In re Alexander*, 363 B.R. 917, 921-22 (B.A.P. 10th Cir. 2007)(citing *In re Davis,* 239 B.R. 573, 577 (B.A.P. 10th Cir. 1999)). Since the Debtors offered no evidence in support of their Motion and Modified Plan, the Court cannot make a finding that the proposed modified plan meets the requirements of § 1329(b)(1) and must deny the Motion to Modify and disapprove the Modified Plan. In disapproving the Modified Plan, the Court is not directing the Trustee to resume payments to Vanderbilt Mortgage pursuant to the terms of the confirmed plan. The Court interprets the terms of the confirmed plan to allow the Trustee to cease making payments to the secured creditor upon notice that the Debtors have sold the collateral securing its claim and its claim has been paid in full.

**Order of the Court**

IT IS THEREFORE ORDERED that Debtors' Motion to Modify Plan After Confirmation (Docket Entry 87) is **denied** and their Modified Plan After Confirmation (Docket Entry 86) is **disapproved.**

###